UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **MATTHEW DILL**, **TIMOTHY LORITO**, **YAHINA VARGAS**, and **RICHARDSON GAP, LLC**, | Case No.: |
| Plaintiffs, | Related District of Oregon Case No. 6:20-cv-00653-MC |
| v. | |
| **MICHELLE PAAVOLA**, | |
| Defendant. | |

MOTION TO COMPEL RESPONSE TO
THIRD-PARTY SUBPOENA TO MICHELLE PAAVOLA

Plaintiffs Matthew Dill, Timothy Lorito, Yahina Vargas, and Richardson Gap, LLC (together, "Plaintiffs") move for an order, pursuant to Rule 45 and Rule 37 of the Federal Rules of Civil Procedure, to compel respondent Michelle Paavola ("Paavola") to comply with the subpoena *duces tecum* served on her on August 3, 2022 (the "Subpoena"), in connection with the underlying proceedings in *Matthew Dill, et al v. Victor Canales, et al*, Case No. 6:20-cv-00653-MC (D. Or.) (the "Oregon Proceedings"), and to award Plaintiffs its reasonable costs and attorney's fees associated with having prepared and filed this Motion.

I. **PRELIMINARY STATEMENT**

Paavola is a third party to the Oregon Proceeding. Declaration of Edward Decker in Support of Motion to Compel Responses to Third-Party Subpoena Served on Michelle Paavola ("Decker Decl.") ¶ 3. Plaintiffs served the parties in the Oregon Proceedings with the Notice of Intent to Serve Subpoena Duces Tecum on Michelle Paavola on July 29, 2022, and as of this filing none of the parties in the Oregon Proceedings have filed an objection or moved to quash the Subpoena. *Id*. at ¶ 2. Plaintiffs served Paavola with the Subpoena on August 3, 2022, at her

apartment in Lake Park, Florida. *Id.* at ¶ 3, Ex. B. As of this filing, Paavola has not objected or responded to the Subpoena, has not moved to quash the Subpoena, has not produced a single document in response to the Subpoena, and has not responded to Plaintiffs' counsel's communications regarding Paavola's failure to respond to the Subpoena. *Id.* at ¶ 4. Because Paavola has failed to object to the Subpoena within fourteen days of service as required by Federal Rule of Civil Procedure 45(d)(2)(B), she has waived any and all objections. *See Selinger v. Kimera Labs, Inc.*, No. 20-24267-CIV, 2021 WL 6284604, at *1 (S.D. Fla. Dec. 6, 2021) ("A non-party waives any objections if she does not timely object to the subpoena.").

Plaintiffs now request this Court's intervention to secure the enforcement of the Subpoena and, accordingly, move pursuant to Federal Rules of Civil Procedure 45(d) and 37(a)(1) to compel compliance with the Subpoena by a date certain.

## II.  FACTUAL BACKGROUND

The dispute in the Oregon Proceedings arises from a failed cannabis venture between Plaintiffs and defendant VCAA, LLC ("VCAA"), an entity owned by defendant Victor Canales ("Canales") (together, "Defendants"). *See* Decker Decl., ¶ 5, Ex. D (the "FAC") at ¶¶ 1-7.[1] Plaintiffs Dill, Lorito, and Vargas previously owned and operated a hemp cultivation and CBD processing business in Oregon through Richardson Gap, LLC and Richardson Gap Farm, LLC. FAC at ¶ 2. In 2019, Defendants approached Plaintiffs with an offer to invest in Plaintiffs' hemp and CBD business, aiming to expand it and add marijuana processing. *Id.* at ¶ 3. A new business entity, Five Point Ranch, LLC ("Five Point"), was created to facilitate Defendants' investment. *Id.* Plaintiffs Dill and Lorito and defendant VCAA each held equal shares in Five Point. *Id.* at ¶ 4.

---

[1] Plaintiffs moved for leave to file its second amended complaint in the Oregon Proceedings on September 29, 2022. Decker Decl. ¶ 7. However, that motion has not been heard or decided by this Court, and, for purposes of the present Motion, Plaintiffs rely on the allegations in their first amended complaint, as that remains the operative pleading.

2

Then, once Five Point was formed, Defendants directed Plaintiffs to undertake a large expansion of the CBD processing business utilizing capital Defendants contributed to Five Point. *Id.* at ¶ 3.

Meanwhile, Plaintiffs and Defendants negotiated an agreement in which VCAA would raise its ownership interest in Five Point to 50 percent, and it would also acquire a 50 percent ownership interest in both Richardson Gap, LLC and Richardson Gap Farm, LLC. *Id.* at ¶ 4. In exchange, Defendants agreed to pay Plaintiffs $2.3 million and invest additional capital into the business. *Id.* This was known as the "Five Point Deal."

After the parties agreed to the Five Point Deal, CBD prices cratered, and the deal fell apart. *Id.* at ¶ 37. Defendants contributed only $1 million of the agreed $2.3 million and, despite agreeing to fully fund business operations, stopped contributing capital to cover Five Point's operating expenses. *Id.* This left Plaintiffs to personally cover the increased operating expenses that resulted from the expansion that Defendants insisted upon and agreed to support. *Id.* at ¶¶ 47, 48. In all, Plaintiffs suffered over $1 million in damages. *See* Decker Decl. ¶ 7, Dkt. No. 92 at 35-57.

Prior to the Five Point Deal falling apart, and as part of Five Point's planned expansion, defendant Canales took control of at least one bank account in Five Point's name. FAC at ¶ 41. Through this account, Canales controlled the capital contributions lent to Five Point by VCAA and other entities. *Id.* However, Canales also commingled funds between Five Point and his other business ventures; although VCAA transferred some capital into the Five Point bank account to fund the expansion of the business, a large portion of the money that was deposited into the Five Point bank account came from sources other than VCAA, of which Plaintiffs had limited knowledge. *Id.* at ¶¶ 42-43.

Under Canales' control and direction, large checks and wire transfers went out of the Five Point bank account to other bank accounts and entities controlled by Canales during this time. *Id.*

Plaintiffs allege that these transfers were made without a legitimate business purpose, and they created confusion as to the true financial status of the company. *Id.* at ¶ 43.

On April 21, 2020, Plaintiffs filed suit against Defendants in the United States District Court for the District of Oregon, asserting claims for quiet title, declaratory relief, and fraud. *See* Oregon Proceeding Dkt. No. 1. In response, Defendants asserted claims against Plaintiffs for alleged violations of Oregon securities law, common law fraud, unjust enrichment, and breach of contract. *See* Decker Decl. ¶ 6, Ex. E. On September 29, 2022, Plaintiffs filed a motion for leave to file its second amended complaint to assert new claims for breach of contract and promissory estoppel, while also removing their fraud claim, which was dismissed on summary judgment. *See* Decker Decl. ¶ 7.

Plaintiffs served Defendants with the Notice of Intent to Serve Subpoena Duces Tecum on Michelle Paavola on July 29, 2022, and as of this filing the defendants in the Oregon Proceedings have not filed an objection or moved to quash the Subpoena. *Id*. at ¶ 2, Ex. A. Plaintiffs served Paavola, who is not a party to the Oregon Proceedings, with the Subpoena on August 3, 2022. Decker Decl. ¶ 3, Ex. B. The Subpoena sought Paavola's production of three categories of documents: (1) documents and communications related to Five Point, Richardson Gap Farms, LLC, and Richardson Gap, LLC; (2) communications with Canales relating to the indoor and outdoor cultivation of cannabis and licensing for the cultivation of cannabis; (3) documents and communications related to the cultivation of cannabis by any entity owned or partially owned by Canales, including without limitation VCAA, I Can Be U Services, LLC, Cottage Grove Store, LLC, Cottage Grove Convenience, LLC, VCMG Events Live, VCMG Live, and Vic Canales Media Group. *Id.*

Plaintiffs served the Subpoena on Paavola because she was the bookkeeper for Vic Canales Media Group, an event and marketing company Canales owns. Decker Decl. at ¶ 8. Canales represented to Plaintiffs that he would deliver capital contributions to Five Point through VCAA. *Id.* Instead, Canales commingled funds between Five Point and his other businesses, including Vic Canales Media Group, resulting in large sums of money being shuttled between Five Point and these businesses. *Id.* Because Paavola was the bookkeeper for Vic Canales Media Group, she is believed to have the documents and communications requested in the Subpoena in her custody, possession, and control. *Id.* Despite this, Paavola has wholly failed to respond to the Subpoena and has not produced any documents in response. *Id.*

### III.   ARGUMENT

Plaintiffs respectfully request that this Court compel Paavola to respond to the Subpoena within a reasonable time and award Plaintiffs their reasonable costs and attorney's fees incurred in enforcing the Subpoena. A party serving a subpoena "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). This Court has jurisdiction to compel Paavola to respond to the Subpoena because Paavola resides in the Southern District of Florida, the subpoena was served in the Southern District of Florida, and the place of compliance for the subpoena is the Southern District of Florida as Paavola was expected to produce documents electronically from her residence. Decker Decl. ¶ 3, Ex. B. This Court should award Plaintiffs their reasonable costs and attorney's fees incurred in enforcing the Subpoena because Paavola ignored the Subpoena and Plaintiffs' good faith attempts to obtain the discovery without court action. *See* Fed. R. Civ. P. 37(a)(5)(A).

> A. **<u>The documents requested in the Subpoena are relevant to the claims and defenses asserted in the Oregon Proceedings.</u>**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), "relevancy is construed broadly," *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) (citation omitted), and "discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the parties or otherwise on the subject matter of the action," *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-Civ-Gold, 2001 WL 34079319 *2 (S.D. Fla. Nov. 1, 2001). The relevancy requirement of Rule 26(b)(1) applies to subpoenas issued under Rule 45. *See Continuum on S. Beach Condo. v. QBE Ins. Corp.*, 338 F.R.D. 668, 670 (S.D. Fla. 2021).

Here, the documents requested in the Subpoena are undoubtedly relevant to Plaintiffs' claims and defenses in the Oregon Proceedings. The Subpoena requests documents related to Canales' cultivation of cannabis in connection with his other business ventures, some of which may have been either a transferor or transferee of large checks and wire transfers into and out of the Five Point bank account that Canales controlled. Those transfers are not only relevant to Plaintiffs' affirmative allegations against Defendants, but they are also relevant to Plaintiffs' defense against Defendants' securities claim—namely, that Canales actively participated in the management of Five Point.

In light of the "extremely broad" scope of discovery provided for in the Federal Rules of Civil Procedure, and as further evidenced by both Paavola's and Defendants' failure to object to or move to quash the Subpoena, the documents sought in the Subpoena are relevant.

### B. Even if Defendants or Paavola had objected to the Subpoena or moved to quash it, they could not demonstrate that Paavola would suffer any undue burden in responding to the Subpoena.

A party may quash a subpoena if it imposes an undue burden. *See Cytodyne Techs., Inc. v. Biogenic Techs., Inc.*, 216 F.R.D. 533, 535 (M.D. Fla. 2003). In considering whether a subpoena unduly burdens a third party, the court engages in a balancing test in which it "must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, and the time period covered by the request against the burden imposed on the person ordered to produce the desired information." *Id.* (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985)).

Paavola did not object to the Subpoena, and, despite receiving notice of Plaintiffs' intent to issue the Subpoena, Defendants did not move to quash it. Nonetheless, each of these factors weighs against a finding that Paavola would suffer an undue burden in responding to the Subpoena. First, as discussed above, the requested documents are entirely relevant to Plaintiffs' claims and defenses in the Oregon Proceedings. Moreover, Plaintiffs have a substantial need for the documents requested. Defendants have not been forthright in their productions to date in the Oregon Proceedings as they have produced limited and incomplete records. Decker Decl. ¶ 9. Therefore, Plaintiffs' only option is to gauge the veracity and completeness of Defendants' productions through the records sought to be compelled from Paavola. *Id.* The documents requested are also limited in scope, and the requests, of which there are only three, describe the documents sought with sufficient particularity to enable Paavola to easily identify, collect, and produce them.

For these reasons, Paavola will not suffer any undue burden in responding to the Subpoena, and Plaintiffs respectfully request that this Court compel her to do so.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request this Court grant its motion to compel Paavola to respond to the Subpoena within fourteen (14) days and award Plaintiffs their reasonable costs and attorney's fees incurred in enforcing the Subpoena.

### V. <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3)(B) and Rule 37(a)(1) of the Federal Rules of Civil Procedure, I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion, but has been unable to do so. The reasonable efforts made were specifically as follows: i.) Plaintiffs served the Notice of Intent to serve the Subpoena on the Defendants on July 29, 2022, and the Defendants did not object, ii.) Plaintiffs served the Subpoena on Paavola on August 3, 2022 and she did not object or respond in any way, and iii.) Plaintiffs emailed Paavola on October 7, 2022 regarding her failure to comply or respond to the Subpoena and Paavola did not respond to the email.

| | |
|---|---|
| DATED this 19th day of October, 2022. | /s/ Dick M. Ortega<br>Dick M. Ortega, Esq.<br>Florida Bar No.: 113054<br>dortega@ferrarolaw.com<br>THE FERRARO LAW FIRM, P.A.<br>Brickell World Plaza<br>600 Brickell Avenue, 38th Floor<br>Miami, Florida 33131<br>Telephone: (305) 375-0111<br>Facsimile: (305) 379-6222<br><br>Oregon Attorneys in Related Matter:<br>Edward T. Decker<br>edward.decker@millernash.com<br>Ryan C. Hall<br>ryan.hall@millernash.com<br>MILLER NASH LLP<br>US Bancorp Tower<br>111 SW Fifth Ave, Ste 3400<br>Portland, OR 97204<br>Telephone: (503) 224-5858<br>Facsimile: (503) 224-0155<br><br>*Attorneys for Matthew Dill, Timothy Lorito, Yahina Vargas, and Richardson Gap, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Motion to Compel Response to Third-Party Subpoena to Michelle Paavola on the attorneys or parties listed below on the date set forth below via email courtesy copy and United States Postal Service Certified Mail:

| | |
|---|---|
| Michelle Paavola<br>801 Lake Shore Drive, Apt. 404<br>Lake Park, FL 33403-2925<br>Jimsangel424@yahoo.com | Christopher J. Kayser<br>cjkayser@lvklaw.com<br>Lynette Yorgey<br>lyorgey@lvklaw.com<br>121 SW Morrison St, Ste 700<br>Portland, OR 97204<br>Telephone: (503) 222-4424<br>Facsimile: (503) 827-7600<br><br>*Attorneys for Victor Canales* |
| Neal S. Shechter<br>neal@angelilaw.com<br>Joanna T. Perini-Abbott<br>joanna@angelilaw.com<br>ANGELI LAW GROUP LLC<br>121 SW Morrison St, Ste 400<br>Portland, OR 97204<br>Telephone: (503) 954-2232<br>Facsimile: (503) 227-0880<br><br>*Attorneys for Matthew Dill, Timothy Lorito, Yahina Vargas, and Richardson Gap LLC* | Michael J. Esler<br>esler@eslerstephens.com<br>John W. Stephens<br>stephens@eslerstephens.com<br>ESLER STEPHENS &<br>BUCKLEY LLP<br>121 SW Morrison St, Ste 700<br>Portland, OR 97204<br>Telephone: (503) 223-1510<br>Facsimile: (503) 294-3995<br><br>*Attorneys for VCAA, LLC* |

DATED this 19th day of October, 2022.  /s/ Dick M. Ortega
Dick M. Ortega, Esq.
Florida Bar No.: 113054
dortega@ferrarolaw.com
THE FERRARO LAW FIRM, P.A.
Brickell World Plaza
600 Brickell Avenue, 38th Floor
Miami, Florida 33131
Telephone: (305) 375-0111
Facsimile: (305) 379-6222

Oregon Attorneys in Related Matter:
Edward T. Decker
edward.decker@millernash.com
Ryan C. Hall
ryan.hall@millernash.com
MILLER NASH LLP
US Bancorp Tower
111 SW Fifth Ave, Ste 3400
Portland, OR 97204
Telephone: (503) 224-5858
Facsimile: (503) 224-0155

*Attorneys for Matthew Dill, Timothy Lorito, Yahina Vargas, and Richardson Gap, LLC*